FILED/REC'D

UNITED STATES DISTRICT COURT MAR 27 P 3:43

for the

Western DISTRICT OF Wisconsin

U.S. DIS ... RT

| | |
|---|---|
| Amanda Craven, LLB, AEB, AMB | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) 26 CV 269 JDP |
| | ) |
| Jack Cheng, Top | ) |
| Level Property Management LLC | ) |
| Defendants | ) |
| | ) |

## COMPLAINT

Now comes the Plaintiff, Amanda Craven, and my minor children LLB, AEB, AMB, seeking compensatory and punitive damages from the Defendants: Jack Cheng, in his individual capacity, and his company: Top Level Property Management LLC, for refusing to rent to me in violation of the Fair Housing Act, and the Americans with Disabilities Act.

## JURISDICTION

This Court has Jurisdiction pursuant to 28 U.S.C. § 1331.

This Court has Jurisdiction pursuant to 42 U.S.C. § 3613 under the Fair Housing Act.

This Court has Jurisdiction pursuant to 42 U.S. Code § 12133 under the Americans with Disabilities Act.

## FACTS

1. I am disabled.

2. I am a resident of Dane County.

3. One set of my physical disabilities are physical: related to gastrointestinal problems, tendonitis, and a deferred diagnosis of fibromyalgia.

4. The other disabilities I have are related to trauma: PTSD and night terrors.

5. My disabilities limit my strength, mobility, my ability to deal with intense or stressful situations, and generally have such an impact that I qualify for Medicaid Long Term Care programs.

6. My disabilities interfere with any attempt to create traditional employment, credit, and rental history, which is one reason accommodations are necessary for me.

7. Due to my gastrointestinal disabilities, I had to have an MRI.

8. This MRI was incorrectly billed and was, allegedly (case pending), illegally placed on my credit report.

9. The creditor tried to secure the bogus debt for 20 years and it backfired in Wisconsin State case: 2025SC008282.

10. Prior to their small claims turning into an FCRA counterclaim (2026CV000547), the creditor maintained the disputed debt.

11. Plaintiffs LLB, AEB, and AMB are my minor children and residents of Dane County associated with me.

12. Jack Cheng is a resident of Dane County and a licensed real estate broker in Wisconsin.

13. Jack Cheng is the owner of Top Level Property Management LLC.

14. Top Level Property Management LLC is a property management company in Dane County.

15. In a letter dated February 11, 2024, I wrote to Top Level Property Management and asked for reasonable accommodations to their "rental requirements". This included a credit score requirement.

16. On February 12, 2024, I submitted an application to rent a property that Top Level Property Management LLC listed for rent.

17. On February 12, 2024, Jack Cheng acknowledged in email correspondence that he had been instructed by DCHA that an application needed to be approved before filling out the approval for tenancy form and moving forward with the process of leasing the rental to me.

18. Jack Cheng has claimed in answers to interrogatories, and sworn testimony, that he has worked with recipients of voucher assistance, and the Dane County Housing Authority, in other instances than mine.

19. Not Jack Cheng, nor any employee of Top Level Property Management ever engaged in any interactive process regarding my requests for reasonable accommodations. The letter from 2/11/2024 went specifically unanswered.

20. Throughout the talks in February 2024, Defendants would not outright deny or engage my requests for reasonable accommodations.

21. Jack Cheng claimed in testimony at an administrative hearing, held on December 18th 2025, that he cannot change the rental requirements.

22. Defendants Jack Cheng, and Top Level Property Management LLC, never processed my bona-fide application to rent the property that I applied for on 2/12/2024.

23. It is common knowledge that the rental market in Dane County, Wisconsin, is unfavorable to voucher holders despite municipal laws and ordinances specifically prohibiting "voucher" discrimination.

24. At the time I applied with Top Level Property Management LLC and communicated with Jack Cheng in February: I was near the end of my lease, which I could not renew.

25. At the time I applied with Top Level Property Management LLC and communicated with Jack Cheng in February 2024: I had already been unable to secure another lease.

26. On February 23rd 2024, Jack Cheng emailed me to tell me he had approved another group for the property.

27. After this communication, various emails were exchanged where my position was that I had been discriminated against and had filed a complaint, but would withdraw it if they would process an application for a suitable property.

28. The Defendants response was essentially that I was doing something wrong/illegal somehow. The emails between myself and Defendant Jack Cheng contain his specific theories.

29. On March 1st, plaintiffs became homeless.

30. During this period of homelessness we experienced various forms of humiliation and indignity, and we had to find solutions for where to sleep safely every night.

31. On April 17, 2024, I applied at another property the Defendants listed.

32. On April 22, 2024, Jack Cheng emailed me to tell me he would not rent to me because of our prior communications.

33. On April 22, 2024, I filed a formal complaint with the Equal Rights Division of the State of Wisconsin's Department of Workforce Development detailing the

events and effects I considered discriminatory at the time.

34. On May 9th, I participated in a mediation hosted by the City of Madison Department of Civil Rights.

35. The experience with mediation and landlords who try to circumvent Section 8 was and is roughly the same every time: it is a Poker game instead of Bridge. I won.

36. On On June 28th, 2024 I finally obtained a lease and temporary relief from homelessness from landlord(3).

37. On December 18th, 2025, a hearing on the issue of probable cause for violating fair housing law was held via Microsoft Teams.

38. At the December 18th, 2025 hearing, Defendant Jack Cheng admitted to these material facts:
   - Receiving my requests for reasonable accommodations.
   - That he was/is familiar with the process of reasonable accommodation requests. He even described the engagement requirement.
   - That he had been a licensed real estate professional for ten years.
   - That he did not grant those requests or process my applications.

39. On March 9th, 2026, the ALJ returned a decision finding one count of probable cause and tossing the other.

40. I decided, based on the other count having been more difficult to prove, and the absence of a detailed explanation for the tossed count, to use my private right of action under the Fair Housing Act.

41. Due to the conduct of the Defendants, Plaintiffs have suffered 5 months of homelessness, frustration, humiliation, physical pain, sleep deprivation, hunger, thirst, and despair.

42. On 3/27/2026, I filed this complaint.


## CLAIMS FOR RELIEF


### COUNT I: Failure to Provide Reasonable Accommodation (42 U.S.C. § 3604(f)(3)(B))

43. Plaintiff incorporates paragraphs 1-35. Defendants' refusal to modify their rental policy to accommodate Plaintiff's disability constitutes a violation of the FHA.

44. Defendants had 11 days to interact meaningfully, and they chose to be evasive to avoid giving a direct denial or providing any evaluation of the "reasonableness" of the request. This amounted to a constructive denial.

## COUNT II: Disparate Impact Discrimination (42 U.S.C. § 3604(f)(1))

45. Defendants maintain a "neutral" rental policy that effectively serves as a categorical bar to disabled applicants. This policy has an unlawful disparate impact and is not justified by **business necessity** given the presence of a housing voucher that eliminates those risks.

## COUNT III: Retaliation (42 U.S.C. § 3617 & MGO § 39.03)

46. Defendant Cheng's email of April 22, 2024, provides direct evidence that he denied me housing specifically because I asserted my civil rights, violating the FHA's anti-retaliation provisions.

47. Defendant Cheng also provided a significant response in the State proceedings that indicates contempt for people who exercise their legal rights against what he perceives to be some superior order of business/contract law/social system.

## PRAYER FOR RELIEF

Defendant's actions/inactions and policies removed any meaningful opportunity to rent property that was available to others on the open market. In response to my objections to this and requests to comply with the law: Defendants not only played dumb in emails, but did so in an administrative proceeding where scrutiny resulted in admissions that may resolve this case on summary judgement.

Due to the conduct of the Defendants, Plaintiffs continue to suffer fear and trauma related to prior homelessness and future housing instability.

Plaintiffs request compensatory damages for physical (hunger, thirst, sleep deprivation, bumps and bruises from having to move and evacuate constantly) and emotional pain and suffering (humiliation, frustration, despair) economical damages (storage fees, hotels).

Plaintiffs request punitive damages related to the allegations.

Plaintiffs request attorney fees.

Plaintiffs request a Jury Trial on all issues that can be tried.

**NOTE ON MINORS AND REPRESENTATION:**

I understand I ultimately cannot represent my children. I am currently in the process of getting an attorney now that I have a favorable administrative decision.

Sincerely

Amanda Craven

200 E Verona Ave PMB 1, Verona WI 53593